**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RODNEY CARTER,

    Petitioner,

v.                                               CASE NO. 8:14-CV-1296-T-30AEP
                                                    CRIM. CASE NO. 8:12-CR-324-T-30AEP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("motion") (CV Dkt. 1). According to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a judge "must dismiss the motion" when it "plainly appears . . . that the moving party is not entitled to relief." Petitioner's motion does not warrant relief. Therefore, it will be denied.

### Procedural Background

Petitioner was charged by Indictment with two counts of felon in possession of a firearm (Counts One and Four), conspiracy to possess with intent to distribute 5 kilograms or more of cocaine (Count Two), and possession of a firearm in furtherance of a drug trafficking crime (Count Three) (CR Dkt. 19). On November 20, 2012, Petitioner pleaded guilty, pursuant to a written plea agreement, to Counts Two and Three of the Indictment [1]

---

[1] The Government dismissed Counts One and Four of the Indictment (CR Dkt. 75).

(CR Dkts. 48, 51, 52, 59). Petitioner was sentenced on April 10, 2013, to two hundred forty-eight (248) months imprisonment to be followed by ten (10) years of supervised release (CR Dkts. 72, 75). Petitioner did not appeal.

Petitioner signed his motion on March 4, 2014 (CV Dkt. 1 at p. 13). Petitioner challenges his conviction on Count Two of the Indictment, and raises two grounds for relief: 1) he was entrapped; and 2) there was insufficient evidence that he intended to distribute the cocaine.

## Discussion

First, Petitioner's claims are procedurally defaulted because they were not raised on direct appeal. A proceeding under 28 U.S.C. § 2255 is to challenge the validity of a sentence, not evidentiary issues that should have been resolved on direct appeal. *Williams v. U.S.*, 365 F. 2d 21 (7th Cir. 1966), *cert. denied*, 385 U.S. 981 (1966). Petitioner is therefore barred from raising these claims in the instant motion because he should have raised them on direct appeal. *See Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) ("[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. . .This rule generally applies to all claims, including constitutional claims.").

Moreover, these claims were waived by Petitioner's guilty plea. A knowing and voluntary plea of guilty waives any and all defenses, including entrapment, *see United States v. Baxley*, 402 F. App'x 461, 462 (11th Cir. 2010) (unpublished), and any challenge to the

sufficiency of the evidence. *United States v. Torres*, 504 Fed. Appx. 810, 814 (11th Cir. 2013) (unpublished) (a "sufficiency-of-the-evidence argument" is "not a jurisdictional argument" and therefore waived by guilty plea) (citation omitted).[2]

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner cannot make the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

Accordingly, it is **ORDERED AND ADJUDGED** that:

---

[2] Petitioner does not contend that his plea was unknowing or involuntary.

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DENIED**.

2. The **Clerk** is directed to enter judgment against Petitioner, close this case, and terminate from pending status the motion (CR Dkt. 79) filed in the corresponding criminal case number 8:12-cr-324-T-30AEP.

**DONE** and **ORDERED** in Tampa, Florida on June 10, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner, *pro se*
Counsel of record